**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1561
_____

RAFAEL AUGUSTO LOPEZ; MONICA ALVARADO RUANO,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A093-043-112 & A070-868-957)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2012

Before:  AMBRO, JORDAN and BARRY, Circuit Judges

(Opinion filed: October 26, 2012)
_____

OPINION
_____

PER CURIAM

Lead petitioner Rafael Augusto Lopez and his wife, Monica Alvarado Ruano

(hereinafter collectively referred to as "Petitioners"), petition for review of the Board of

Immigration Appeals' ("BIA") February 8, 2012 decision upholding an immigration

judge's ("IJ") denial of their requests for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. Petitioners are natives and citizens of Guatemala who entered the United States in 1998. They have two United States citizen children — a son, born in 2006, and a daughter, born in 2009. In 2009, Lopez filed an affirmative application for asylum, withholding of removal, and CAT relief, listing Ruano as a derivative beneficiary. Lopez claimed that he feared returning to Guatemala because his late father's political opinion has been imputed to him. Lopez alleged that his father had been a well-known journalist who criticized the Guatemalan government.

A few months after Lopez filed his application, the Department of Homeland Security initiated removal proceedings against Petitioners, charging them with being removable for having entered the United States without being admitted or paroled. At a hearing before an IJ, Petitioners conceded their removability and reiterated their intent to pursue the relief sought in Lopez's application. They also indicated their intent to seek cancellation of removal and, in the alternative, voluntary departure. In support of their

respective requests for cancellation of removal,[1] Petitioners claimed that, if they were removed, their children, especially their son (who was being treated for a medical condition), would suffer "exceptional and extremely unusual hardship." See 8 U.S.C. § 1229b(b)(1)(D).

After a hearing on the merits, the IJ denied Petitioners' requests for relief from removal and granted their request for voluntary departure. On the issue of cancellation of removal, the IJ concluded that Petitioners had failed to meet the "exceptional and extremely unusual hardship" standard. As for Lopez's asylum application, the IJ concluded that it was untimely and that Lopez had not shown changed or extraordinary circumstances that would excuse that untimely filing. The IJ also concluded that Lopez had failed to corroborate his claim that his father had been a well-known journalist who criticized the Guatemalan government. Lastly, the IJ rejected Lopez's claim that he would be tortured if removed to Guatemala.

On appeal, the BIA dismissed Petitioners' challenge to the IJ's decision. In doing so, the BIA agreed with the IJ that Lopez's asylum application was untimely, and that Lopez had failed to establish changed or extraordinary circumstances to excuse that late filing. The BIA also upheld the IJ's finding that Lopez had failed to corroborate his claim undergirding his request for asylum and withholding of removal, and agreed with the IJ that Lopez had not met his burden for obtaining CAT relief. Finally, the BIA

---

[1] Lopez and Ruano each filed an application for cancellation of removal. As the BIA later noted, these applications are "essentially identical." (A.R. at 3 n.1.)

3

agreed with the IJ's denial of cancellation of removal, noting that Petitioners had not "suppl[ied] a statement from anyone concerning [their] son's prognosis" or "establish[ed] that the medicine [their son] was taking at the time of the hearing, and any required future treatment and medications for their son, would be unavailable in Guatemala." (A.R. at 5 (citations omitted).)

Petitioners now seek review of the agency's decision.

II.

Petitioners begin by challenging the agency's finding that Lopez did not satisfy the "extraordinary circumstances" exception to the one-year limitations period for filing an asylum application. See 8 U.S.C. § 1158(a)(2)(D). As Petitioners themselves recognize, we lack jurisdiction to review that discretionary determination. See 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006). Although that jurisdictional bar does not prevent us from reviewing a colorable constitutional or legal challenge to the agency's denial of Lopez's asylum claim, see 8 U.S.C. § 1252(a)(2)(D); Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010); Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007), Petitioners do not raise a colorable claim here.[2] Accordingly, we must dismiss Petitioners' challenge to the denial of Lopez's asylum claim.

---

[2] Although Petitioners contend that the BIA violated their due process rights by failing to consider Lopez's explanation for why he did not file his asylum application within the one-year limitations period, that claim is baseless.

4

Petitioners next contest the agency's corroboration analysis.[3] As we have previously explained, "the failure to produce corroborating evidence may undermine an applicant's case where (1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure." Chukwu v. Att'y Gen., 484 F.3d 185, 191-92 (3d Cir. 2007) (citing Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir. 2006); Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001)). "[N]o court shall reverse a determination made by a trier of fact with respect to availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

We find no reason to disturb the agency's lack of corroboration finding here. To the extent Petitioners argue that the evidence in the record — in particular, an affidavit from Lopez's sister and an article noting that Lopez's father was a "reporter" — was sufficient to corroborate Lopez's testimony that his late father was a well-known, anti-government journalist in Guatemala, we, like the agency before us, find this argument unpersuasive. Nor do we find convincing any suggestion that it was "unrealistic" to expect Lopez to produce additional evidence in support of his application. As the agency highlighted, Lopez conceded at the merits hearing before the IJ that he had a number of his father's books at his home in the United States. Although Lopez testified that he did

---

[3] Because the agency denied Lopez's asylum claim as untimely, we analyze the agency's corroboration analysis for the purposes of Lopez's withholding of removal claim only.

5

not bring those books to the hearing because he had not finished reading them, we agree with the BIA that this explanation was "insufficient to establish that [those books] were not 'reasonably available' for submission." (A.R. at 4 (citation omitted).)[4]

Petitioners next dispute the agency's denial of Lopez's claim for CAT relief. To prevail on a CAT claim, an alien must establish that it is more likely than not that he would be tortured by, or with the acquiescence of, the government in the country of removal. See Shehu v. Att'y Gen., 482 F.3d 652, 658 (3d Cir. 2007). We review the findings underlying the agency's denial of CAT relief for substantial evidence. See Zubeda, 333 F.3d at 471 (citing Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001)). Under that deferential standard of review, we must uphold the agency's findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille, 242 F.3d at 483-84 (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992); Chang v. INS, 119 F.3d 1055, 1060 (3d Cir. 1997)). Here, Petitioners have not shown that the record compels a finding that Lopez would be tortured upon his return to Guatemala. Accordingly, we will uphold the agency's denial of Lopez's CAT claim.

Finally, Petitioners challenge the denial of their requests for cancellation of removal. To the extent they contest the agency's conclusion that they failed to meet the

_____

4 Because the standard to qualify for withholding is more stringent than that governing eligibility for asylum, Lopez's failure to qualify for asylum necessarily makes him ineligible for withholding of removal. Ghebrehiwot v. Attorney General, 467 F.3d 344, 351 (3d Cir. 2006) (citing Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003)). As a result, we need not consider Petitioners' remaining argument in support of Lopez's claim for withholding of removal.

6

"exceptional and extremely unusual hardship" standard under § 1229b(b)(1)(D), we lack jurisdiction to review that discretionary determination. See 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). As for Petitioners' allegation that the agency violated their due process rights by, inter alia, failing to adhere to the BIA's precedents and applying the wrong standard of review, we find this claim to be without merit. It is evident from the IJ's and the BIA's decisions that the agency faithfully applied its precedent and employed the proper standard in considering whether cancellation of removal was appropriate here.

III.

In light of the above, we will dismiss the petition in part and deny it in part.